UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 09-13-DLB-1

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.                         REPORT AND RECOMMENDATION

YVETTE LYNN DUNN,                                                    DEFENDANT.

This matter came before the Court for an initial appearance on a report of supervised release violations dated April 29, 2011. At the hearing, the Defendant was represented by Michael Fox, Esq., and the United States was represented by Chris Nason, Esq. United States Probation Officer Allison Biggs was also present. The Defendant, after being advised of her constitutional rights and right to a hearing on the alleged violations, expressed her desire to stipulate to the stated violation. The Court reviewed the violation with the Defendant, as well as the maximum penalties and the guideline range of imprisonment. After reviewing this information, the Court performed a colloquy, consistent with the requirements of Rule 11, after which the Defendant stipulated to the violation. The Defendant then waived her right of allocution before Judge David Bunning, and consented to the exercise of that right before the undersigned. Having heard the statements on behalf of the United States, the Defendant, and having considered the report and recommendation from United States Probation Officer Allison Biggs, the Court makes the following proposed Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

(1) On April 1, 2011, Yvette Lynn Dunn was asked by a man named "Charlie" to buy items for him at K-Mart and Ralph's Food Fair in Grayson, Kentucky. To accomplish this task "Charlie" gave Ms. Dunn $400.00. On the same day, at approximately 6:02 p.m., Grayson

Police Department Office W. Boggs answered a call at Ralph's Food Fair that a male subject had confronted Dunn at her vehicle and taken her wallet containing $590.00. Video surveillance from another business, James Family Outfitters, showed that no crime occurred. Dunn was advised of her rights and provided a statement that she falsely reported the incident in an effort to steal "Charlie's" money, in order to pay her electric bill.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(2), the Defendant's stipulation establishes, by a preponderance of the evidence, that she has violated the following condition of supervised release:

(1) The Defendant shall not commit another federal, state, or local crime.

## RECOMMENDATION

It should be noted at the outset that the United States, the Defendant, and the USPO in attendance all recommend to the Court that Dunn not be sentenced to a period of incarceration. In making a recommendation regarding the imposition of an appropriate sentence, the undersigned has in addition considered the following factors set forth in 18 U.S.C. § 3553:

(I) **The nature and circumstances of the offense**. The admitted violation is indeed serious as it involved stealing money from another, and making a false report of a crime to law enforcement. Not only did this potentially deprive "Charlie" of the items he requested Dunn purchase for him, it also required time and resources of the Grayson Police Department to investigate a fictitious crime. However, the Defendant promptly and truthfully admitted to Officer Biggs, her violation of the terms of supervised release. In addition, she fully admitted her violation to the undersigned and sincerely expressed remorse for her actions.

(ii) **The history and characteristics of the Defendant**. The defendant is clearly motivated to succeed following in life to become a responsible, productive member of civilized society, as is reflected by the fact that Dunn has taken every opportunity to improve her life, such as by obtaining her G.E.D., and completing a number of career development courses.

(iii) **The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant**. Although the Defendant contends that her violation occurred due to her need for money to pay her electric bill, the Court finds the violations to be serious as it involved the theft of currency, and the false report of a crime. However, the Court also believes that the sentence, as jointly recommended by the parties and the USPO in attendance, is sufficient, but not greater than necessary to satisfy the statutory considerations set out above.

(iv) In the instant matter, the most serious violation is a Grade C violation. In light of the Defendant's criminal history category III, the revocation guidelines call for a range of imprisonment from five (5) to eleven (11) months. The maximum term of imprisonment which can be imposed upon revocation is24 months, pursuant to 18 U.S.C. § 3583(e)(3).

IT IS THEREFORE RECOMMENDED:

(1) That the Defendant be found in violation of the terms of supervised release as set forth above;

(2) That the Defendant be continued on the current terms of supervised release.

Specific objections to this Report and Recommendation must be filed within fourteen

(14) days from the date of service thereof or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Crim. P. 59(b)(2).

Signed May 20, 2011.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge