UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 09-13-DLB-3

UNITED STATES OF AMERICA,                                               PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S**
                                **REPORT AND RECOMMENDATION**

YVETTE LYNN DUNN,                                                       DEFENDANT.

This matter came before the Court for an initial appearance on March 28, 2012,  as a result of a Supervised Release Violation Report dated March 9, 2012..  The report outlines three (3) alleged violations of the terms of Defendant's supervised release.  Subsequently, the matter was scheduled for a final revocation hearing on June 5, 2012. [R. 169].  At the final hearing, Ms. Dunn was present and represented by appointed counsel, Michael Fox, and the United States by and through Assistant United States Attorney Elaine Leonhard. Dunn stipulated to Violations 1 and 3 as contained in the report, waived her right of allocution before a United States District Judge, and the parties jointly recommended a sentence of six (6) weekends of confinement.  The matter now stands submitted  for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that Dunn be found guilty of Violation Nos. 1 and 3, based on her stipulation, and that the Court impose a sentence of  six (6) weekends of incarceration with the balance of her supervised release to be resumed upon release from custody.

**FINDINGS OF FACT**

At the final hearing on June 5, 2012, Dunn admitted to illegal possession and use of cocaine on or about February 9, 2012.  Furthermore, she admitted that on that date she provided a urine

specimen that tested positive for a cocaine metabolite.

The stipulated conduct establishes, by a preponderance of the evidence, that the defendant has committed the following violations of supervised release:

(1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Violation No. 1); and,

(2) The defendant shall not commit another federal, state, or local crime. (Violation No. 3).

## RECOMMENDATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)   The nature and circumstances of the offense.   In the instant matter, the Defendant admitted to illegal possession and use of a controlled substance, cocaine.  Simple possession of cocaine is a violation of 21 U.S.C. § 844(a), a Class E Felony, punishable by a term of imprisonment not to exceed two years.

(ii)   The history and characteristics of the Defendant.   On September 18, 2009, Dunn was sentenced to a term of 12 months and one day imprisonment to be followed by a three-year term of supervised release, following her guilty plea to a violation of 18 U.S.C. §§ 471 and 2, Aiding and Abetting to Defraud the United Stats by counterfeiting United States Currency.  She began her term of supervised release on August 19, 2010.  Since that time, she has remained gainfully employed and has been the caregiver to her three children.

(iii)   The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to

future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties and Ms. Dunn jointly recommend a sentence in this action of six weekends of confinement with the balance of her supervised release to resume upon her release from custody. Considering the Defendant's criminal history category, the violation in this matter, and her personal history and characteristics, the Court finds that the joint recommendation is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

(iv)  In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.4(a), based on the Defendant's criminal history category of III, the guideline range of imprisonment would be 8 to 14 months.  The maximum statutory period of imprisonment would be a term of not more than 24 months.  See 18 U.S.C. § 3583(e)(3).  The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)      That the Defendant be found to have committed the Violations 1 and  3 as outlined above;

(2)      That upon Motion of the United States, the Court dismiss Violation 2 be GRANTED; and

(3)      That the Defendant be sentenced without delay to a period of six weekends of incarceration.  Upon completion of her incarceration, the Defendant shall resume the balance of her term of supervised release.

Signed June 8, 2012.



Signed By:
Edward B. Atkins
United States Magistrate Judge